IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| 1. | CHESAPEAKE OPERATING, LLC, | ) | |
| | | ) | |
| | Plaintiff-Appellee, | ) | |
| | | ) | |
| v. | | ) | Case No.: 23-6052 |
| | | ) | |
| 1. | C.C. FORBES, LLC, | ) | W.D. Okla. 5:20-cv-557-R |
| | | ) | |
| | Defendant-Appellant. | ) | |

## APPELLANT C.C. FORBES, LLC'S
## RESPONSE TO MOTION TO DISMISS APPEAL
## FILED BY APPELLEE CHESAPEAKE OPERATING, L.L.C.

Appellant C.C. Forbes, LLC ("Forbes") responds to the Motion to Dismiss for Lack of Appellate Jurisdiction filed by Appellee Chesapeake Operating, L.L.C. ("Chesapeake"). Forbes' Notice of Appeal is valid and timely because the District Court's March 8, 2023 Order and Judgment were final under 28 U.S.C. § 1291 after Chesapeake failed to timely file a Federal Rule of Civil Procedure 59(e) motion for prejudgment interest.

## I.

## FORBES' NOTICE OF APPEAL IS EFFECTIVE AND TIMELY

Forbes' Notice of Appeal is effective and timely, and this appeal should not be dismissed. The District Court's Order and Judgment were filed on March

8, 2023. Under Federal Rule of Appellate Procedure 4(a), "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of judgment or order appealed from." Forbes filed its Notice of Appeal on April 7, 2023, within the 30-day time limit. *See* Notice of Appeal, Doc. 60. There is an exception to the 30-day rule if a party files, among other things,[1] a motion to alter or amend the judgment under Rule 59. *See* FED. R. APP. (a)(4)(A)(iv). Such a motion would "suspend the finality of a judgment not just at the appellate level, but at the district court level." *International Center for Technology Assessment v. Leavitt*, 468 F.Supp.2d 200, 205-06 (D.D.C. 2007). The "judgment's finality is restored upon resolution of the last of any postjudgment motions that operated to suspend finality." *Id*.

However, here, no motion to alter or amend the judgment to seek prejudgment interest was ever filed by Chesapeake. Thus, the finality of the Judgment has not been suspended, the Notice of Appeal is timely, and this Court properly retains appellate jurisdiction.

---

[1] Another exception to the thirty-day rule that could extend the deadline for the notice of appeal is "if a party files a motion for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58." FED. R. APP. 4(a)(4)(A)(iii). However, Chesapeake failed to file a motion for attorney's fees. Nor would any future filing of a motion impact this appeal because it would be time-barred under FED. R. CIV. P. 54(d)(2).

## II.

## CHESAPEAKE WAIVED PREJUDGMENT INTEREST BY
## FAILING TO FILE A TIMELY RULE 59(E) MOTION

Chesapeake, if it sought prejudgment interest, was required to file a timely Rule 59(e) motion. The U.S. Supreme Court in *Osterneck v. Ernst & Whinney*. 489 U.S. 169 (1989) accepted certiorari "to resolve a conflict in the Courts of Appeals over whether a post-judgment motion for prejudgment interest constitutes a Rule 59(e) motion to alter or amend the judgment." The *Osterneck* Court concluded that such a motion does indeed constitute a Rule 59(e) motion. The Court reasoned that Rule 59(e), "read together with Rule 4(a)(4) of the Federal Rules of Appellate Procedure, provides that a notice of appeal filed while a ***timely*** Rule 59(e) motion is pending has no effect." 489 U.S. at 174 (emphasis added). In other words, had Chesapeake filed a timely Rule 59(e) motion, its position in its Motion to Dismiss would be correct.

The Tenth Circuit has followed the U.S. Supreme Court's holding in *Osterneck*. "'The award of prejudgment interest, whether discretionary or mandatory, by a federal court, is an act which serves to remedy the injury giving rise to the underlying action and in that sense is part of the merits of the court's decision.' *Capstick v. Allstate Ins. Co*., 998 F.2d, 810, 813 (10th Cir. 1993). The *Capstick* Court concluded that a motion for prejudgment interest is a Rule 59(e)

motion to amend the judgment. *Id.* at 812. *See also Webco Industries, Inc. v. Thermapool Corp.*, 278 F.3d 1120, 1134 (10th Cir. 2002).

Federal Rule of Civil Procedure 59(e) sets a strict deadline for seeking to alter or amend a judgment. Rule 59(e) states:

> (e) **Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must be filed no later than ***28 days*** after the entry of judgment.

FED. R. CIV. P. 59(e) (emphasis added). The short time limit is vital because a Rule 59(e) motion "cause[s] the underlying judgment to lose its finality." *Lyghtle v. Breitenbach*, 139 F3d. Appx. 17, 21 (10th Cir. 2005). The time limit was expanded from 10 days to 28 days through the 2009 Amendment. *See* Committee Notes on Rules – 2009 Amendment. "The time periods are particularly sensitive because Appellate Rule 4 integrates the time to appeal with a timely motion under these rules." *Id.*

Chesapeake has not filed a motion seeking prejudgment interest in the district court. And, should it now do so, any such motion would be time-barred by the plain language of Rule 59(e). Judgment was entered on March 8, 2023, and any motion for prejudgment interest must have been filed no later than April 5, 2023. Because Chesapeake did not file a motion for prejudgment interest within the time constraints of Rule 59(e), it waived the right to seek prejudgment interest.

Finally, the Tenth Circuit decisions cited by Chesapeake confirm that this Court may exercise appellate jurisdiction in this case. *In Dodge v. Cotter Corp.*, 328 F.3d 1212 (10th Cir. 2003), this Court was confronted with a motion to dismiss for lack of appellate jurisdiction brought by the appellees-plaintiffs. The appellees argued that the appeal was untimely because more than 30 days had passed since the initial judgment was entered. This Court disagreed, noting in part that "some plaintiffs filed a motion to amend the judgment to include prejudgment interest," *i.e.*, a Rule 59(e) motion, which made the appeal timely. *Id.* at 1220-21. Similarly, in *ORP Surgical, LLC v. Howmedica Osteonics Corp.*, 2022 WL 19039680 (10th Cir. Oct. 26, 2022), this Court properly dismissed an appeal for lack of jurisdiction because the judgment lacked finality by not including prejudgment interest. However, unlike here, there again was a pending and timely Rule 59(e) motion to add prejudgment interest. *See ORP Surgical, LLP v. Howmedica Osteonics Corp.*, 2022 WL 18456142, at **15-18 (D. Colo. Dec. 27, 2022).

Forbes' Notice of Appeal is effective and timely. Chesapeake did not timely file a Rule 59(e) motion to add prejudgment interest, making the March 8, 2023 Judgment final and appealable. Chesapeake's Motion to Dismiss the appeal should be denied.

WHEREFORE Appellant C.C. Forbes, LLC asks this Court to deny Appellee

Chesapeake Operation, L.L.C.'s Motion to Dismiss and to assume appellate jurisdiction over this matter.

<div style="margin-left: 40%;">

Respectfully submitted,

By   */s/ John H. Tucker*
John H. Tucker, OBA 9110
jtucker@rhodesokla.com
Kerry R. Lewis, OBA 16519
klewis@rhodesokla.com
RHODES HIERONYMUS JONES TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
(918) 582-1173; (918) 592-3390 [fax]
***Attorneys for Defendant-Appellant,***
***C.C. Forbes, LLC***

</div>

**<u>CERTIFICATE OF COMPLIANCE</u>**

I HEREBY CERTIFY, pursuant to Fed. R. App. P. 32(a)(7)(B), that:

1.      Pursuant to Fed. R. App. P. 32(a)(7)(B), this filing complies with the type-volume limitation as it contains 1,063 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      Pursuant to Fed. R. App. P. 32(a)(5)(A) and 32(a)(6), this filing complies with the typeface and type style requirements as it has been prepared using a proportionally spaced typeface, with serifs, in a plain, roman style, i.e., Microsoft Office Word 14-point Cambria.

4.      The following ECF requirements have also been complied with:

A.      This brief does not require any privacy redactions.
B.      If required to file additional hard copies, that the ECF submission is an exact copy of those documents; and
C.      This brief was created on a computer system which uses VIPRE Enterprise software (Version 3.1.3121.0), with definitions automatically updated every 3 hours, to scan native pdfs as they are created. As such, this brief was virus-free when electronically submitted to this Court.

Dated: April 28, 2023.


                                        */s/ John H. Tucker*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to the following registered participants of the ECF System:

*Plaintiff's counsel:*
Reagan E. Bradford                      reagan@bradwil.com
Ryan K. Wilson                          ryan@bradwil.com
BRADFORD & WILSON
431 W. Main Street, Suite D
Oklahoma City, OK  73102



*/s/ John H. Tucker*